NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 23 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANNY JOSEPH FABRICANT,

Defendant - Appellant.

Nos. 13-50526
       14-50428
       15-50032

D.C. No. 2:03-cr-01257-RSWL

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

In these companion appeals, Danny Joseph Fabricant appeals pro se from

various district court orders.   We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

In Appeal No. 13-50526, Fabricant contends that the district court erred by

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

declining to file his ex parte application for an order declaring 21 U.S.C. § 851 unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). We affirm because, even if Fabricant is correct that his application should have been filed and considered on the merits, he is not entitled to relief. *See id*. at 2160 n.1 (declining to revisit the holding of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that a prior conviction is not an element of the offense that must be proven to a jury).

In Appeal No. 14-50428, Fabricant contends that the district court erred by denying his application for DNA testing pursuant to 18 U.S.C. § 3600. We review de novo. *See United States v. Watson*, 792 F.3d 1174, 1177 (9th Cir. 2015). The district court properly denied the application because Fabricant did not identity a theory of defense that would prove his actual innocence. *See* 18 U.S.C. § 3600(a)(6); *Watson*, 792 F.3d at 1179 (proposed testing must be capable of showing a probability of guilt "so low that actual innocence would be the only sensible explanation").

Finally, in Appeal No. 15-50032, Fabricant challenges the district court's order denying his application for an order requiring that (1) the government and the district court stamp his mail as "LEGAL MAIL – OPEN ONLY IN PRESENCE

OF INMATE," and (2) the warden maintain a log for prison mailroom staff to sign upon receipt of Fabricant's outgoing legal mail.   Because Fabricant's claim lacks merit, the district court properly denied relief.   *See Indep. Training & Apprenticeship Program v. California Dep't of Indus. Relations*, 730 F.3d 1024, 1032 (9th Cir. 2013).

**Appeal Nos. 13-50526, 14-50428 & 15-50032: AFFIRMED.**